**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| AUSTON HORRAS, individually and on behalf of all others similarly situated, | ) | |
| Plaintiff, | ) | No. |
| v. | ) | |
| IOWA HEALTH SYSTEM d/b/a UNITYPOINT HEALTH, | ) | **COMPLAINT – JURY DEMANDED** |
| Defendant. | ) | |

**COMPLAINT – JURY DEMANDED**

Plaintiff, Auston Horras, individually and on behalf of all other persons similarly situated, known and unknown, through his attorneys, complains against Defendant Iowa Health System d/b/a UnityPoint Health ("UnityPoint" or "Defendant"), as follows:

## I. NATURE OF PLAINTIFF'S CLAIMS

1. This is a collective action brought on behalf of hourly paid employees for unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. Defendant Iowa Health System operates, owns, and controls hospitals and health care facilities in Iowa, Illinois, and Wisconsin.

3. Plaintiff, a former hourly employee of Defendant, brings claims based on i) Defendant's timeclock rounding policy and practice and ii) its failure to include non-discretionary bonuses and shift differentials in the calculation of each employee's "regular rate of pay" when calculating overtime pay, as required by the FLSA.

4. Defendant has a wage and hour policy and practice that rounds Plaintiff's and similarly situated hourly employees' clock in and clock out times to the advantage of Defendant

and to the detriment of Plaintiff and all other similarly situated hourly employees.

5. Defendant's time clock rounding policies and practices violate the FLSA and result in the underpayment of overtime wages.

6. Defendant's wage violations will be shown from, among other things, a comparison of the face of hourly employees' pay stubs to their clock in and clock out records.

7. Defendant also has a policy and practice of not paying its hourly employees at least 1.5 times their regular rates of pay for all overtime hours.

8. Instead, Defendant pays hourly employees non-discretionary bonuses and shift differentials that it excludes from these employees' regular rate of pay when calculating overtime pay, in violation of the FLSA.

9. Plaintiff brings his FLSA overtime claims as a collective action pursuant to 29 U.S.C. 216(b) on behalf of hourly employees who worked for Defendant in Iowa, Illinois, and Wisconsin.

10. Defendant's rounding practices and overtime calculations are perfectly suitable to collective action treatment.

## II. JURISDICTION AND VENUE

11. This Court has original jurisdiction over Plaintiff's FLSA claims in this action under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

12. The Southern District of Iowa is an appropriate venue for this collective action because the unlawful employment practices occurred in this district and the Defendant conducts substantial business in this District, including maintaining its headquarters, operating health care facilities, and employing putative collective members.

## III. THE PARTIES

13. Plaintiff Horras is an individual who Defendant employed from October 2023

to approximately June 2024 as an hourly, non-exempt registered nurse.

14. Plaintiff worked at UnityPoint Health - Methodist West Hospital, owned and operated by Defendant and located in Des Moines, Iowa. Plaintiff also worked as a floater at UnityPoint Health - Iowa Methodist Medical Center in Des Moines, Iowa.

15. Plaintiff resides in and is domiciled within this judicial district.

16. Defendant Iowa Health System is an Iowa entity registered to do business in Iowa as UnityPoint Health with its Iowa registered agent located at 1776 West Lakes Parkway, West Des Moines, Iowa 50266.

17. Defendant's principal place of business is in Des Moines, Iowa.

18. Defendant owns and operates a network of healthcare facilities, clinics and colleges in Iowa, Illinois, and Wisconsin.

19. During the period relevant to this lawsuit, Defendant employed several thousand hourly employees in Iowa, Illinois, and Wisconsin.

20. Defendant employed Plaintiff and other similarly situated persons as "employees," as that term is defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

21. At all relevant times, Defendant was an "employer" of Plaintiff and other similarly situated persons, as that term is defined by Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

22. At all relevant times, Defendant has been and is an enterprise engaged in commerce.

## IV. FACTUAL ALLEGATIONS

### *A. Defendant's Rounding Policy and Practice*

23. During the three years preceding the filing of this lawsuit, Defendant used UKG (formerly known as Kronos) as its timekeeping system for its hourly employees.

24. Defendant's timekeeping system allows it to track to the minute the clock in and clock out times of its hourly employees.

25. When an hourly employee punches in or out for work at any location, Defendant collects, tracks, monitors, sorts, and maintains their clock in and clock out times.

26. Defendant collects, tracks, monitors, sorts, and maintains to the minute the clock in and clock out times of Defendant's hourly employees regardless of where the hourly employee works.

27. Defendant configured its timekeeping system to round the clock in and clock out times of Defendant's hourly employees.

28. Specifically, Defendant configured its timekeeping system to round the clock in and clock out times for hourly employees when they clock in within seven minutes of their scheduled shift time.

29. When the employee clocks in or out within seven minutes of their scheduled start or end time, Defendant pays its hourly employees based on the rounded time, not the actual and complete punch times.

30. Under Defendant's rounding policy (the "Rounding Policy"), which applied to all non-exempt hourly employees, when an employee clocks in within seven (7) minutes before their scheduled start time, Defendant calculates the time work started for purposes of paying wages by rounding the clock in time to the employee's scheduled start of work time.

31. Under the Rounding Policy, when an employee clocks out within seven (7) minutes after their scheduled end time, Defendant calculates the time work ended for purposes of paying wages by rounding the clock out time to the employee's scheduled end of work time.

32. For example, if Defendant schedules an hourly employee to start work at 9:00 a.m. and the employee clocks in to work at 8:55 a.m., Defendant, consistent with the Rounding Policy, rounds away and does not pay the employee for the five (5) minutes worked from 8:55 a.m. to 9:00 a.m.

33. If Defendant schedules an hourly employee to stop work at 5:00 p.m. and the employee clocks out of work at 5:06 p.m., Defendant, consistent with the Rounding Policy, rounds away and does not pay the employee for the six (6) minutes worked from 5:00 p.m. to 5:06 p.m.

34. Defendant, consistent with its Rounding Policy, rounds away and does not pay employees for time recorded as worked where that time is seven minutes or less before a scheduled work start time.

35. Defendant, consistent with its Rounding Policy, rounds away and does not pay employees for time recorded as worked where that time is seven minutes or less after a scheduled work end time.

36. The following examples illustrate the Rounding Policy as applied to the clock in times at the beginning of an employee's shift:

| Scheduled Start Time | Actual Time Clocked In | Time That Paycheck Will Say Employee Clocked In (i.e., Rounded Time) |
|---|---|---|
| 8:00 a.m. | 7:53 a.m. | 8:00 a.m. |
| 8:00 a.m. | 7:55 a.m. | 8:00 a.m. |
| 8:00 a.m. | 7:56 a.m. | 8:00 a.m. |
| 8:00 a.m. | 7:57 a.m. | 8:00 a.m. |
| 8:00 a.m. | 7:54 a.m. | 8:00 a.m. |

37. The following examples illustrate the Rounding Policy as applied to the clock out times at the at the end of an employee's shift:

| Scheduled End Time | Actual Time Clocked Out | Time That Paycheck Will Say Employee Clocked Out (i.e., Rounded Time) |
|---|---|---|

| | | |
|---|---|---|
| 6:00 p.m. | 6:03 p.m. | 6:00 p.m. |
| 6:00 p.m. | 6:07 p.m. | 6:00 p.m. |
| 6:00 p.m. | 6:04 p.m. | 6:00 p.m. |
| 6:00 p.m. | 6:06 p.m. | 6:00 p.m. |
| 6:00 p.m. | 6:05 p.m. | 6:00 p.m. |

38. Plaintiff and the putative class and collective performed compensable work activities while "on the clock" and during the time that Defendant rounded away pursuant to its Rounding Policy.

39. Under Defendant's Rounding Policy, Defendant systematically rounds time off both ends of its hourly employees' work shift to the advantage of Defendant and to the financial harm and underpayment of its hourly employees.

40. As a direct consequence of the Rounding Policy, Defendant has been systematically underpaying its hourly employees significant sums of wages.

41. The Rounding Policy results in Defendant failing to pay hourly employees accurately and fairly over time, to Defendant's financial gain and the hourly employees' financial detriment.

42. The aggregate sum of unpaid wages for all employees based upon the Rounding Policy is substantial on a daily, weekly, and annual basis. This is particularly so because Defendant employed thousands of hourly employees during the applicable statutory recovery periods.

43. If Defendant paid its hourly employees on a continuous workday basis – paid from actual punch time into actual punch time out – its hourly employees would be paid more wages.

44. Additionally, Defendant has personnel and disciplinary policies that further ensure that the Rounding Policy will work to Defendant's advantage and its hourly employees' detriment. For example, Defendant's tardiness and punctuality policies and practices do not allow hourly employees to freely or frequently be tardy or late to work.

45. Under Defendant's tardiness and punctuality policies, hourly employees who are tardy may be subject to discipline up to and including termination.

46. Plaintiff and similarly situated hourly employees typically begin working before the start of their scheduled shift time, as opposed to after their scheduled start time.

47. Under Defendant's policies and practices, once an hourly employee clocks into work, Defendant considers them to be "on the clock" and they should be working.

48. Defendant does not train its hourly workers that in instances where the Rounding Policy applies Defendant will pay them as if they had clocked in at their scheduled start time as long as they clocked in within seven minutes after their scheduled start time.

49. Defendant does not discipline its hourly workers who clock in seven minutes or less before their scheduled start time.

***B. Defendant's Rounding Rules Are Applied to All Hourly Employees***

50. At all relevant times, Defendant has utilized a common time and attendance system for its hourly employees.

51. Regardless of which location or building where the hourly employees work, their clock in and clock out times are processed, adjusted, maintained, and kept in a common timekeeping system that is Defendant's enterprise-wide timekeeping system.

52. When Plaintiff worked as a floater at UnityPoint Health - Iowa Methodist Medical Center the timekeeping system and time and attendance polices were the same as at UnityPoint Health - Methodist West Hospital.

53. At all relevant times, Defendant's timekeeping system had rounding rules that Defendant applied to its hourly employees' clock in and clock out times.

54. At all relevant times, Defendant's timekeeping system rounded the clock in and clock out times of its hourly employees, regardless of which location or building the hourly employees worked.

55. At all relevant times, there has been no category of hourly employees whose clock in and clock out times were not subject to Defendant's rounding policies and practices described herein.

56. Defendant's payroll department uses the rounded clock in and clock out times to calculate the payroll and compensation for Defendant's hourly employees, regardless of where an employee works or the job duties they perform.

57. On information and belief, prior to the filing of this lawsuit, Defendant did not at any time audit or investigate its rounding policies and practices to determine if its rounding policies and practices are fair and equitable to its employees.

58. On information and belief, prior to the filing of this lawsuit, Defendant did not at any time audit or investigate its rounding policies and practices to determine if its rounding policies and practices unfairly benefit Defendant to the employees' detriment over a period of time, whether that period of time is, for example, one month, three months, six months, 12 months or longer.

59. On information and belief, at no time prior to the filing of this lawsuit has Defendant undertaken a review of any meaningful type to assess whether its rounding policies and practices unfairly deprive its hourly employees of wages and compensation.

***C. Defendant Knew of and Assented to the Unpaid Work***

60. Defendant's policy and practice requires and/or permits employees to work once they have clocked in and are "on the clock."

61. Through its own rounding policies and practices and its own attendance and punctuality policies and practices, Defendant knew and was aware that its hourly employees performed work activities after they clocked in and were "on the clock."

62. Defendant knowingly required Plaintiff and other similarly situated individuals to perform unpaid work once they clocked in and were "on the clock."

63. Indeed, Defendant does not allow its employees to clock in and be "on the clock" but not work.

64. By knowing of, permitting and/or requiring Plaintiff and similarly situated hourly employees to perform work activities once they clocked in and were "on the clock", Defendant assented to them performing the work that is ultimately rounded away under its rounding policies and practices.

***D. Defendant Does Not Include Non-Discretionary Bonuses and Shift Differentials in Overtime Pay, in Violation of the FLSA***

65. Defendant agreed to pay and subsequently paid Plaintiff and the other hourly employees non-discretionary bonuses and shift differentials, based on criteria set by Defendant.

66. But Defendant failed to include these non-discretionary bonuses and shift differentials in the hourly employees' regular rates of pay for overtime purposes.

67. For example, Plaintiff had a base hourly wage of approximately $36. Defendant paid Plaintiff an additional $2 per hour shift differential when working the night shift. Defendant excluded the $2 per hour shift differential compensation when calculating his regular rate of pay for overtime purposes.

68. Thus, under its bonus and shift differential pay scheme, Defendant did not pay Plaintiff and the other hourly employees overtime wages of at least 1.5 times their regular rates of pay—based on all remuneration—for all hours they work in excess of 40 in a workweek, in

violation of the FLSA.

## V. COLLECTIVE ACTION ALLEGATIONS

### *A. Rounding*

69. Plaintiff brings Count I of this Complaint as a FLSA, Section 216(b) collective action on behalf of himself and all other current and former hourly employees of Defendant whose clock in and clock out times were rounded as described herein.

70. Plaintiff seeks to send notice of this lawsuit to the following putative collective:

> All persons who worked for Defendant as hourly employees at any time during the three years preceding the filing of this lawsuit and whose clock in and clock out times were rounded to their detriment (the "FLSA rounding collective").

71. Plaintiff and the other employees are similarly situated to one another because they are hourly employees whose clock in and clock out times were all subject to the Rounding Policy.

72. Plaintiff and the other hourly employees are similar because Defendant did not pay them for all time they actually worked.

73. Plaintiff and the other hourly employees are similar because Defendant did not pay them for the work time that Defendant rounded away under its Rounding Policy.

74. There are questions of law or fact common to the employees described in paragraph 70, including whether Defendant rounded the clock in and clock out times for hourly employees and whether it subjected the putative collective to a rounding policy and practice.

75. Plaintiff is similarly situated to the employees described in paragraph 70, as Plaintiff's claims are typical of the claims of those persons.

76. Plaintiff's claims or defenses are typical of the claims or defenses of the persons described in paragraph 70.

77. This is not a collusive or friendly action.

78. Plaintiff has retained counsel experienced in complex employment litigation, and Plaintiff and his counsel will fairly and adequately protect the interests of the persons described in paragraph 70.

79. A collective action is the most appropriate method for the fair and efficient resolution of the matters alleged in Count I.

***B. Overtime Calculations***

80. Plaintiff brings Count II of this Complaint as an FLSA, Section 216(b) collective action on behalf of himself and all other current and former hourly employees of Defendant who Defendant did not pay at least 1.5 times their regular rates of pay for all overtime hours.

81. Plaintiff seeks to send notice of this lawsuit to the following putative collective:

> All persons who worked for Defendant as hourly employees at any time during the three years preceding the filing of this lawsuit who Defendant paid at an incorrect rate for time worked in excess of 40 hours in a seven day pay period (the "FLSA Overtime Rate Collective").

82. The hourly employees are similarly situated in the most relevant respects.

83. Even if the hourly employees' job duties and locations might vary, these differences do not matter for the purpose of determining their entitlement to overtime wages of at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked over 40 in a workweek.

84. The relevant inquiry is whether Defendant paid the hourly employees non-discretionary bonuses or shift differentials and whether Defendant included such remuneration in the calculations of the "regular rate of pay" for hourly employees when calculating overtime pay.

85. Therefore, the specific job titles or job locations of the hourly employees do not prevent class treatment.

86. Defendant's records reflect the number of hours the hourly employees recorded

working each week "on the clock."

87. Defendant's records show it paid the hourly employees non-discretionary bonuses and shift differentials it failed to include in their regular rates of pay.

88. The back wages owed to Plaintiff and the other hourly employees can therefore be calculated using the same formula applied to the same records.

89. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Defendant's records, and there is no detraction from the common nucleus of liability facts.

90. Plaintiff has no interest contrary to, or in conflict with, the other hourly employees that would prevent collective treatment.

91. Like each hourly employee, Plaintiff has an interest in obtaining the unpaid wages owed under the FLSA.

92. Absent this collective action, many hourly employees will not obtain redress for their injuries, and Defendant will reap the unjust benefits of violating the FLSA.

93. Further, even if some of the hourly employees could afford individual litigation, it would be unduly burdensome to the judicial system.

94. Indeed, the multiplicity of actions would create a hardship to the hourly employee, the Court, and Defendant.

95. Conversely, concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the hourly employees' claims.

96. Accordingly, a collective action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I – FLSA
**Rounding**

**(Failure to Pay Overtime Wages)**

97. Plaintiff incorporates and adopts paragraphs 1 through 64 and 69 through 79 as if fully set forth herein.

98. Plaintiff, individually and on behalf of the collective described in paragraph 70, asserts claims for unpaid overtime pursuant to the FLSA.

99. At all times relevant hereto, Defendant was an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

100. At all times relevant hereto, Defendant was an "employer" of Plaintiff and the members of the collective described in paragraph 70 within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

101. At all times relevant hereto, Plaintiff and the members of the collective described in paragraph 70 were "employees" of Defendant as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

102. Plaintiff and the members of the collective described in paragraph 70 were not paid for all time worked in excess of 40 hours in a week during the applicable statutory time period, in violation of the maximum hours provisions of the FLSA, 29 U.S.C. § 207.

103. At all times relevant hereto, Defendant's failure to pay Plaintiff and the members of the collective described in paragraph 70 premium pay for all time worked over 40 hours in a week was willful in that, among other things:

a. Defendant knew that the FLSA required it to pay employees time and one-half for all time worked over 40 hours in a week;

b. Defendant failed to maintain true and accurate time records;

c. Defendant knew that the Rounding Policy improperly rounded its hourly employees time for purposes of calculating wages owed to the advantage of Defendant and to the detriment of its employees; and Defendant never performed an audit or

otherwise investigated whether the Rounding Policy was neutral.

104. As a direct and proximate result of Defendant's rounding policy and practices, Plaintiff and the members of the collective described in paragraph 70 are due unpaid back wages and liquidated damages, pursuant to 29 U.S.C. § 216.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, by and through his attorneys, demands judgment against Defendant and in favor of Plaintiff and all others similarly situated in a sum that will properly, adequately, and completely compensate them for the nature, extent and duration of their damages, the costs of this action and as follows:

a. Declare and find that the Defendant committed one or more of the following acts:

    i. Violated provisions of the FLSA for Plaintiff and all persons who opt-in as an opt-in Plaintiff; and

    ii. Willfully violated provisions of the FLSA for Plaintiff and all persons who opt-in as an opt-in Plaintiff.

b. Award compensatory damages, including all wages and overtime pay owed, in an amount according to proof;

c. Award liquidated damages on all wages and overtime compensation due to Plaintiff and all persons who opt-in as an opt-in Plaintiff;

d. Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

e. Grant leave to amend to add claims under applicable state and federal laws to conform with the proofs at trial;

f. Grant leave to add additional Plaintiffs by motion or any other method approved by the Court to conform with the proofs at trial; and

g. Grant such further relief as the Court deems just and equitable.

**<u>COUNT II – FLSA</u>**
**Overtime Calculation**
**(Failure to Pay Overtime Wages)**

105. Plaintiff incorporates and adopts paragraphs 1 through 22, 65 through 68, and 80

through 96 as if fully set forth herein.

106. Defendant failed to incorporate all promised compensation, including non-discretionary bonuses and shift differentials, when calculating overtime rates and pay.

107. Plaintiff, individually and on behalf of the collective described in paragraph 81, asserts claims for unpaid overtime pursuant to the FLSA.

108. At all times relevant hereto, Defendant was an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

109. At all times relevant hereto, Defendant was an "employer" of Plaintiff and the members of the collective described in paragraph 81 within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

110. At all times relevant hereto, Plaintiff and the members of the collective described in paragraph 81 were "employees" of Defendant as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

111. Plaintiff and the members of the collective described in paragraph 81 were not fully paid for all time worked in excess of 40 hours in a week during the applicable statutory time period, in violation of the maximum hours provisions of the FLSA, 29 U.S.C. § 207.

112. At all times relevant hereto, Defendant's failure to pay Plaintiff and the members of the collective described in paragraph 81 the correct premium pay for all time worked over 40 hours in a week was willful in that, among other things:

a. Defendant knew that the FLSA required it to pay employees time and one-half for all time worked over 40 hours in a week;

b. Defendant failed to maintain true and accurate time records; and

c. Defendant knew that it was not paying the correct premium pay for all time worked over 40 hours in a week.

113. As a direct and proximate result of Defendant's rounding policy and practices, Plaintiff and the members of the collective described in paragraph 81 are due unpaid back wages and liquidated damages, pursuant to 29 U.S.C. § 216.

114. Where Defendant did compensate employees for overtime hours worked, they frequently paid at a rate less than one and one-half times an employee's regular rate of pay. This includes, but is not limited to, Defendant's practice of not including the employee's non-discretionary bonuses and shift-differentials in their regular rate of pay when calculating their overtime compensation rate.

115. Defendant pays the hourly employees by the hour.

116. Defendant's hourly employees regularly work more than 40 hours a week.

117. But Defendant does not pay them at least 1.5 times their regular rates of pay for all overtime hours.

118. Instead, Defendant paid Plaintiff and hourly employees non-discretionary bonuses and shift differential pay that it excludes from these employees' regular rate of pay for overtime purposes.

119. Defendant's bonus and shift differential pay scheme violates the FLSA by depriving Plaintiff and other hourly employees of overtime wages of at least 1.5 times their regular rates of pay – based on all remuneration – for overtime hours worked.

120. Under the FLSA, shift differential paid to employees is compensation that must be included in the calculation of employees' regular rates of pay. 29 C.F.R. § 778.207(b) ("The Act requires the inclusion in the regular rate of such extra premiums as night shift differentials (whether they take the form of a percent of the base rate or an addition of so many cents per hour)[.]").

121. Within the last three (3) years, Plaintiff worked in excess of the applicable overtime

threshold under Section 7(k) of the FLSA and became entitled to receive one and one-half times their regular rates of pay for all such excess hours under the FLSA.

122. At all relevant times within the last three (3) years, and at times in which Plaintiff satisfied the applicable overtime threshold mandated by Section 7(k) if the FLSA, Defendant did not include non-discretionary bonuses and shift differentials pay in the calculation of the "regular rate of pay: for such employees as that term is defined in Section 207(e), for purposes of determining the overtime amounts owed to each such employee.

123. The non-discretionary bonus pay and shift differential pay amounts constitute "remuneration for employment paid to, or on behalf of, the employee" and, as such, should be included in the calculation of each employee's "regular rate of pay" as that term is defined in Section 207(e) of the FLSA, 29 U.S.C. § 207(e).

124. Defendant's failure to include shift differential pay amounts in the calculation of the "regular rate of pay" for Plaintiff and all other similarly situated employees over the last three years for purposes of determining overtime payments to those employees, constitutes a violation of Sections 207 and 215(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2).

125. By failing and refusing to compensate Plaintiff and other similarly situated employees at a rate not less than one-and-one-half (1-1/2) times their "regular rate of pay" for hours worked in excess of the statutory threshold, Defendant has violated Sections 207 and 215(a)(2) of the Act, 29 U.S.C. §§ 207, 215(a)(2).

126. Defendant also violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), by failing to maintain and preserve adequate and accurate records of employee wages, hours, and other conditions of employment, as required by 29 C.F.R. § 516. For example, Defendant did not maintain and preserve accurate records of employees' regular rate

of pay required to calculate overtime compensation because they did not include non-discretionary bonuses and shift differentials in the calculation of employees' regular rates of pay.

127. Defendant's violations of the FLSA were willful in that Defendant's failure to pay proper overtime compensation was done knowingly and intentionally in violation of the FLSA or with reckless disregard for Defendant's obligations under the FLSA.

128. As a direct and proximate result of Defendant's failure to include non-discretionary bonuses and shift differentials when calculating overtime rates and pay, Plaintiff and the members of the collective described in paragraph 81 are due unpaid back wages and liquidated damages, pursuant to 29 U.S.C. § 216.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, by and through his attorneys, demands judgment against Defendant and in favor of Plaintiff and all others similarly situated in a sum that will properly, adequately, and completely compensate them for the nature, extent and duration of their damages, the costs of this action and as follows:

a. Declare and find that the Defendant committed one or more of the following acts:

    iii. Violated provisions of the FLSA for Plaintiff and all persons who opt-in as an opt-in Plaintiff; and

    iv. Willfully violated provisions of the FLSA for Plaintiff and all persons who opt-in as an opt-in Plaintiff.

b. Declare that Defendants willfully violated Sections 207 and 215(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2);

c. Award compensatory damages, including all wages and overtime pay owed, in an amount according to proof;

d. Award liquidated damages on all wages and overtime compensation due to Plaintiff and all persons who opt-in as an opt-in Plaintiff;

e. Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

f. Grant leave to amend to add claims under applicable state and federal laws to

conform with the proofs at trial;

g. Grant leave to add additional Plaintiffs by motion or any other method approved by the Court to conform with the proofs at trial; and

h. Grant such further relief as the Court deems just and equitable.

Dated: January 8, 2026

Respectfully submitted,

/s/ Nathaniel R. Boulton
One of Plaintiff's attorneys

James X. Bormes
Catherine P. Sons
Law Office of James X. Bormes, P.C.
8 South Michigan Avenue
Suite 2600
Chicago, Illinois 60603
312-201-0575
Pending Admission *Pro Hac Vice*

Thomas M. Ryan
Law Office of Thomas M. Ryan, P.C.
35 East Wacker Drive
Suite 650
Chicago, Illinois 60601
312-726-3400
Pending Admission *Pro Hac Vice*

Nathaniel R. Boulton (AT0000992)
Hedberg & Boulton, P.C.
100 Court Avenue
Suite 425
Des Moines, IA 50309
515-288-4148