**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| AUSTON HORRAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IOWA HEALTH SYSTEM d/b/a UNITYPOINT HEALTH,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 4:26-cv-00018-SHL-WPK |

**PLAINTIFF'S MOTION FOR EQUITABLE TOLLING**

Plaintiff, Auston Horras, individually and on behalf of all others similarly situated, by his attorneys, moves for the entry of an Order tolling the statute of limitations in this matter. In support of this motion, Plaintiff states as follows:

I. Introduction and Background

On January 8, 2026, Plaintiff filed his Collective Action Complaint against Defendant Iowa Health System d/b/a UnityPoint Health and asserted claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"). (ECF No. 1). Plaintiff alleges that Defendant's policy and practice of rounding its hourly employees' time worked instead of paying the employees for all time worked to the minute resulted in Defendant failing to pay Plaintiff and the putative collective overtime wages for all time worked over 40 hours each week.

The FLSA has a statute of limitations period of three years for willful violations. 29 U.S.C. § 256. Unlike a putative class action pursuant to Federal Rule of Civil Procedure 23, the filing of an FLSA collective action does not toll the limitations period with respect to plaintiffs who later opt in. *Hunter v. WirelessPCS Chi. LLC*, 2022 WL 864533, at *10 (N.D. Ill. Mar. 23, 2022)

("Under the FLSA, the statute of limitations continues to run for each potential plaintiff until he or she opts in to the lawsuit."). Although, some circuit judges have suggested that tolling should apply upon the filing of an FLSA collective action in the same manner as class action pursuant to Fed. R. Civ. P. 23. *See Clark v. A&L Homecare & Training Ctr.*, LLC, 68 F.4th 1003 (6th Cir. 2023) (separate opinions of Bush, J., and White, J.) Plaintiff here seeks an Order to toll the statute of limitations for the putative collective members' claims.

II. Standard of Review and Relevant Law

The FLSA enables employees to maintain a collective action against their employer on behalf of "themselves and other employees similarly situated" to recover unpaid overtime wages and liquidated damages from employers who violate the overtime requirements of the FLSA. 29 U.S.C. § 216(b). A prospective member of the collective action may "opt-in" by filing a written consent in the court where the action is brought. *Id.*; *see also Schmidt v. Fuller Brush Co*., 527 F.2d 532, 536 (8th Cir. 1975). A person who does not opt-in is not part of the collective action and is not bound by the court's decision. *Davis v. Novastar Mortgage, Inc*., 408 F. Supp 2d 811, 814-815 (W.D. Mo. 2005) ("a similarly situated employee does not become a plaintiff (and is not bound by a subsequent judgment) in a case proceeding under § 216(b) 'unless he gives his consent in writing to become such a party' and files a consent in the court where the action is pending.").

Courts in this district have not adopted a uniform decision regarding whether the statute of limitations should be tolled under the FLSA upon the filing of the complaint. *See, e.g., Peck v. Mercy Health*, 2025 WL 1423590 (E.D. Mo., May 15, 2025) (collecting cases)). Several courts in this District have agreed that the limitations period should be tolled from the date the plaintiff files his or her motion for collective action certification. *Id*. at *2-3 (citing *Holmes v. AmerCable Co.,* No. 1:23-cv-01110, 2025 WL 978599, at *11 (W.D. Ark. Mar. 31, 2025) (recognizing that

plaintiffs "whose putative class representatives and their counsel are diligently and timely pursuing the claims should…not be penalized due to the courts' heavy dockets and understandable delays in rulings") (quoting *Vinsant v. MyExperian, Inc.*, No. 2:18-CV-02056, 2018 WL 3313023, at *5 (W.D. Ark. July 5, 2018)); *MacMann v. Tropicana Ent., Inc.*, 4:19 CV 404 RWS, 2020 WL 2747303, at *2 (E.D. Mo. May 27, 2020) (granting equitable tolling after finding that named plaintiff had diligently pursued her case by filing numerous consents to join and actively participating in discovery); *Cummings v. Bost, Inc.*, No. 2:14-CV-02090, 2015 WL 13655466, at *8 (W.D. Ark. Apr. 13, 2015) (finding that named plaintiffs and counsel diligently pursued the claims on behalf of the putative class); *Holliday*, 2013 WL 2395333, at *7 (holding that before the provision of notice, the relevant consideration is whether the named plaintiffs diligently pursued their claims, not whether putative opt-in plaintiffs diligently pursued claims). Further, courts in other districts have granted a motion to toll the limitations period from the date of the filing of the motion for collective certification. *See, e.g.*, *Pfefferkorn v. PrimeSource Health Grp.*, LLC (2019 WL 354968, at *5 (N.D. Ill. Jan. 29, 2019).

The standard for equitable tolling requires the party to establish two elements. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).

"District courts in the Eighth Circuit commonly grant equitable tolling for the time it takes the court to rule on a conditional certification motion." *Shipley v. City of Bettendorf*, 2023 WL 3680115, at *9, (S.D. Iowa, Feb. 2, 2023) (quoting *Cervantes v. CRST Int'l, Inc.*, No. 20-CV-75-CJW-KEM, 2021 WL 7185079, at *6 (N.D. Iowa Jan. 25, 2021) (internal quotation marks and citation omitted); *see also Vinsant v. MyExperian, Inc.*, No. 2:18-CV-02056, 2018 WL 3313023,

at *5 (W.D. Ark. July 5, 2018) ("[T]he delay caused by the time required for a court to rule on a motion, such as one for certification of a collective action in an FLSA case, may be deemed an extraordinary circumstance[ ] justifying application of the equitable tolling doctrine.") (internal quotation marks and citation omitted). The doctrine of equitable tolling permits a plaintiff to avoid the bar of the statute of limitations if "despite all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Cada v. Baxter Healthcare Corp.,* 920 F.2d 446, 451 (7th Cir.1990), *cert. denied,* 501 U.S. 1261, 111 S.Ct. 2916, 115 L.Ed.2d 1079 (1991).

III. The Putative Collective Members' Claims Should Be Equitably Tolled

Plaintiff has met the two elements for the claims of the putative collective to be equitably tolled. First, Plaintiff has been diligently pursuing his claims. Plaintiff has retained counsel with extensive experience litigating large wage collective or class actions.[1] He has participated in this lawsuit, engaged in discovery, and Plaintiff's counsel have taken two significant depositions in this mater that support Plaintiff's forthcoming motion for collective certification. Twenty-two (22) additional individuals have joined this case. That fact alone shows that the first element of equitable tolling has been met.

Plaintiff has also met the second element of equitable tolling. Plaintiff has sought a list of putative class members in discovery. (Pl.'s Request for Production No. 2.) Defendant has refused to provide that information, even though it directly bears on the number of putative collective members in this case, and would allow Plaintiff and his counsel to inform those individuals of their rights under this lawsuit and pursue their claims. The statute of limitations is expiring by the day

---

[1] Plaintiff's counsel have litigated large wage class or collective actions on behalf of workers in a variety of industries including health care workers (*Smith v. Advocate,* No. 19-cv-5148 (N.D. Il.), *(Eubanks v. Aurora*, No. 20-cv-1253-JPS (E.D. Wis.) and *Pierro v. The Carle Foundation Hospital,* No. 2:23-cv-02117-CSB-EIL (C.D. IL). Those cases combined involved about 100,000 hourly workers health care workers subject to allegedly unfair rounding of clock in and clock out times, which is the same claim in this lawsuit.

and those employees may not be aware of their claims. Discovery has revealed that Defendant which rounded punch times for years never performed a substantive audit to confirm it was properly paying putative class members. Significantly, Defendant began to stop its rounding practice in September 2024, presumably because it was aware that paying employees to the minute is common practice and more equitable to the employees. Defendant would not in any way be prejudiced by the tolling of the limitations period. Defendant was aware of its conduct regarding the Rounding Policy and chose to change it and pay employees to the minute. Defendant also has had actual notice of the scope of its potential liability since the outset of this matter. And nothing prevented Defendant from unilaterally taking steps to pay any wages it owed prior to the filing of this lawsuit. The second element is met.

Finally, it is important to note that FLSA is broad in nature and designed to protect employees. The Supreme Court has described "employ" as "the broadest definition…ever included in any one act." *United States v. Rosenwater*, 323 U.S. 360, 363 n.3 (1945) (quoting Senator Black's statement that the FLSA gives "employee" the broadest definition ever included in any one act); *accord Reyes v. Remington Hybrid Seed Co*., 495 F.3d 403, 408 (7th Cir. 2007). Tolling the statute of limitations in this matter would be consistent with that goal.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an order tolling the statute of limitations relating to the putative collective members' FLSA claims in this matter to January 8, 2023 (three years before the Complaint was filed), and granting such further relief as this Court deems equitable and just.

Dated: September 16, 2026

Respectfully submitted,

/s/ James X. Bormes
One of Plaintiff's attorneys

James X. Bormes
Catherine P. Sons
Law Office of James X. Bormes, P.C.
8 South Michigan Avenue
Suite 2600
Chicago, Illinois 60603
(312) 201-0575
jxbormes@bormeslaw..com
cpsons@bormeslaw.com

Thomas M. Ryan
Law Office of Thomas M. Ryan, P.C.
35 East Wacker Drive
Suite 650
Chicago, Illinois 60601
(312) 726-3400
tom@tomryanlaw.com

Nathaniel R. Boulton (AT0000992)
Hedberg & Boulton, P.C.
100 Court Avenue
Suite 425
Des Moines, IA 50309
515-288-4148
nate@hedberglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing which will send notification of such filing to the attorneys of record.

By: /s/ James X. Bormes
One of Plaintiff's attorneys