**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA, CENTRAL DIVISION**

| | | |
|---|---|---|
| AUSTON HORRAS, individually and on behalf of all others similarly situated, | ) | |
| Plaintiff, | ) | No. 4:26-cv-00018-SHL-WPK |
| v. | ) | |
| IOWA HEALTH SYSTEM d/b/a UNITYPOINT HEALTH, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR CONDITIONAL COLLECTIVE ACTION CERTIFICATION AND TO ISSUE NOTICE**

Plaintiff respectfully submits this Reply in support of his Motion for Conditional Certification. (Doc. 64).

## I. "Happy Camper" Declarations

In its response, Defendant attaches declarations from nine (9) employees in an effort to contradict the extensive evidentiary record Plaintiff submitted showing that the entire putative collective labored under a single improper rounding policy. Courts around the country have consistently held that "happy camper" declarations are of little to no value in deciding whether an FLSA collective should be conditionally certified. *Mullin v. Capital One Svs., Inc.*, No. 3:24-cv-816 SLS (E.D. Va. Sept. 30, 2026, Doc. 88)(granting stage-one FLSA condition certification and declining to give weight to 27 declarations produced by defendant at the FLSA conditional certification stage).[1] Defendant's declarations go the merits of the claims and, like other factual disputes, are appropriately considered after stage-two discovery.

[1] *See also Jones v. Casablanca*, No. 6:22-cv-02307, 2023 WL 4397396, at *5 (D.S.C. July 7, 2023)(happy camper declarations "are generally entitled to little or no weight at the [FLSA] condition certification stage"); *Smith v. U.S.*, 163 Fed. Cl. 161 (Dec. 2, 2022)(granting nation-wide FLSA conditional certification, stating "Courts do not typically consider these so-called 'happy camper' declarations" at stage one); *Babbitt*

## II. Defendant's Policy Requiring Employees to Work While "On the Clock"

Rather than identifying any official policy or practice about working or not working when employees are punched in and on the clock, Defendant relies on "happy camper" declarations to argue that Plaintiff's "improperly conflates clocked time with work time." (Resp., 12-14). There are several significant flaws with Defendant's argument. First, there is no question that the Fair Labor Standards Act imposes on Defendant sole responsibility for accurately recording time worked. *Carmody v. Kansas City Board of Polce Commissioners,* 713 F3d. 401 (8th Cir. 2013). Defendant's Senior Payroll Manager, Jennifer Hinz, testified that when calculating the time worked for payroll purposes Defendant assumes that the employees are in fact working. (Memo., Doc. 65, Ex. 5, p31, l.7-24.) Thus, even though Defendant has always calculated time worked based on clock in and out times, it is now essentially telling this Court that approach is wrong.

Second, there is no dispute that Defendant's policy applicable to all hourly workers is that they are not allowed to clock in and not work. Jessica Meisner ("Meisner"), Defendant's Chief Administrative Officer who oversees wage and hour policies implemented at the affiliate level,

---

*v. Target Corp.*, No. 0:20-cv-00490-DWF-ECW (D. Minn. April 5, 2022; Doc. 158, p23 of 33)(granting conditional certification, stating "The Court is reluctant to put much, if any, weight in [the 19] declarations obtained by Target's counsel as part of interviews for the present litigation."); *McColley v. Casey's Gen. Stores, Inc.*, 559 F.Supp3d 771, 779 (N.D. Ind. 2021)(granting conditional FLSA certification; "This reliance on so called 'happy camper' declarations is largely misplaced when the court analyzes certification under step one."); *Piazza v. New Albertsons, LP*, 2021 U.S. Dist. Lexis 20573, *18 (N.D. Ill. Feb. 3, 2021)(defendant affidavits are "quintessential examples of 'happy camper' declarations…the Court need not consider…at this stage in the litigation"); *Salone v. Cushman & Wakefield U.S., Inc.,* No. 4:21-cv-1151 RWS, at *9 (E.D. Mo. Jan. 13, 2022) ("courts typically rely on the plaintiff's pleadings and affidavits when deciding whether to conditionally certify a class…This is because courts should not make credibility determinations or findings of fact with respect to contradictory evidence at the notice stage."); *In re Wells Fargo Wage and Hour Employment Practices Litig.*, No. 4:11-md-02266, Doc. 81, p31 of 52 (S.D. Texas Aug. 10, 2012)("The court agrees with the *West* and *Creely* courts' characterizations of these types of declarations at the notice stage as being 'happy camper' declarations and finds that because [p]laintiffs have not had an opportunity to depose these [35] declarants, it is inappropriate to afford significant weight to their substance.").

testified as a Rule 30(b)(6) witness that Defendant does not have a policy that allows someone to punch in and not work and that has been true since at least January 2023. (Memo., Doc. 65, Ex. 2, Meisner Dep., p39, l. 15-21.) Defendant carefully avoids claiming that it had a policy or practice – at any time – that allowed employees to not work when they were "on the clock." Furthermore, Defendant's own "Recording of Work Time" policy document from 2023 states "Hours recorded should reflect the actual hours worked." (Memo., Doc. 65-8, p2 of 3).

Third, even after Defendant began to roll out its new pay to the minute policy in September 2024, there was no change to the manner of when and how hourly employees clock in. *(*Memo*.,* Doc. 65-5, p19 of 31). This is significant because if before Defendant ceased rounding, employees were excused from working once they punched in, then surely Defendant would have a long and detailed human resource paper trail and records that, *inter alia*, informed the employees that with the new pay to the minute policy rollout in September 2024, the employees should now start working immediately when they punch in. There are no such records because Defendant's employees have always been required to work once they punch in and are "on the clock." That Defendant wants this Court to believe otherwise is something it can argue to the fact finder.

## III. Plaintiff's Burden At Stage One Does Not Require a Plaintiff to Prove Violations

Defendant argues that at stage-one, Plaintiff has a "burden to show" that the collective worked under a "policy that violates the FLSA" and that an "unlawful practice depriv[ed] employees of time worked." (Resp., 8-12). This is not the law. A plaintiff does not need to prove their case on the merits at stage-one of the FLSA analysis. *Frazier v. PH Iowa, L.C.*, No. 4:17-cv-00160-JEG-HCA, (S.D. Iowa Oct. 9, 2018, Doc. 61, at p14 of 31)("'A plaintiff need not marshal facts in support of the merits of its claims.'").

While not necessarily obligated to do so, contrary to Defendant's assertion Plaintiff has provided the Court with a record showing that Defendant's rounding policy could not be neutral over time given its tardy and punctuality policies define tardy as "Arriving to the work area any time after the scheduled start time." (Ex. 10). The obvious consequence of that policy is that the Rounding Policy could not be fair because hourly workers would consistently start working before or precisely at their scheduled start time to avoid being tardy. (Memo., p.p. 14-18.)

## IV. The Rounding Claims are Not Individualized

Defendant cites *Anderson v. Wells Fargo*, No. 4:11-cv-00085 (S.D. Iowa Feb. 6, 2012) and *MacMann v. Tropicana*, No. 4:19-cv-404 RWS (E.D. Mo. Mar. 23, 2021) in support of its argument that the rounding claims are individualized and that Plaintiff's declarations do not support conditional certification because they do not state how they "knew they were required to work or how [Defendant] encouraged them to do so." (Resp., p10-12). First, the *Anderson* plaintiffs alleged that the defendant had an unwritten policy that pressured employees to work when *not* clocked in, but the court found that the plaintiffs failed to provide "any information" "nor any evidence" of such a policy. *Anderson*, No. 4:11-cv-00085-JAJ-TJS, Doc. 56, p6-10. Here, there is no dispute that Defendant had a policy that rounded the clock in and clock out times of hourly employees. Plus, Plaintiff has presented declarations from over a dozen hourly employees stating that employees are required to work after they clock in and the deposition testimony of Defendant's CAO who stated at her deposition that that there is (and was) no policy that allows the employees to clock in and not work. In *MacMann*, the court conditionally certified a collective as to non-union employees who labored under a facially-neutral rounding policy that plaintiff alleged was unfair in practice when combined with an attendance policy. *Id.*, No. 4:19-cv-404, Doc. 124 at p.11-13 of 22. The court did not conditionally certify the rounding claims as

to non-union employees because they were subject to attendance policies that varied from defendant's standard policy. *Id.*, No. 4:19-cv-404, Doc. 124 at p.11-13 of 22. Here, the employees labored under a common attendance policy that applies "across UnityPoint Health and its Affiliates" and defines tardy as "Arriving to the work area any time after the scheduled start time". (Memo., p15, 16; *see also* Ex. 10 thereto).

## V. The Unpaid Wages for Plaintiff and the Opt-in Plaintiffs Are Not *De Minimus*

Defendant's argument that Plaintiff and the Opt-in Plaintiffs have suffered *de minimus* damages is a merits based defense not appropriate for resolution prior to certification of a collective. Having said that, Exhibit 11 attached to Plaintiff's memorandum reflects substantial damages. Extrapolating those unpaid wages across the putative collective of thousand of workers magnifies the unfairness of Defendant's rounding policy. Additionally, Defendant's rounding policy resulted in Plaintiff and the putative collective not being paid for straight time pay which is not recoverable under the FLSA. Including that unpaid time would further demonstrate the unfairness of Defendant's rounding policy.

With respect to the language in the proposed Notice, Defendant's position that Plaintiff's proposed collective definitions are not consistent is well taken. The Notice to putative collective members should be issued to all hourly employees who labored under Defendant's improper rounding policy. Plaintiff respectfully proposes that should the Court conditionally certify a collective the Court allow the parties an attempt to resolve their differences before seeking any rulings.

Dated: October 28, 2026

Respectfully submitted,

/s/ James X. Bormes
One of Plaintiff's attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing which will send notification of such filing to the attorneys of record.

By: /s/ Thomas M. Ryan
One of Plaintiff's Attorneys